J-S09016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JOHN RUSSELL | : | |
| | : | |
| Appellant | : | No. 670 MDA 2017 |

Appeal from the Judgment of Sentence March 16, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004997-2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 16, 2018**

William John Russell appeals from the judgment of sentence entered on March 16, 2017, in the Lancaster County Court of Common Pleas, after the trial court found him guilty of driving under the influence of alcohol ("DUI"), driving under suspension ("DUS")-DUI related, driving an unregistered vehicle, operating vehicle without required financial responsibility, driving within single lane and careless driving.[1] On appeal, Russell challenges the sufficiency of the evidence supporting his convictions for driving within single lane and for careless driving. We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 1543(b)(1), 1301(a), 1786(f), 3309(1), 3714(a), respectively.

We have gleaned the underlying facts and procedural history from the trial court's opinion and the certified record. On June 12, 2016, a dry and sunny day, Russell was riding his motorized dirt bike through an empty grass field north of Old Philadelphia Pike in Lancaster County, Pennsylvania. At some point in the afternoon, Russell stopped riding and consumed several alcoholic beverages. N.T., 3/2/17, at 23-24. Thereafter, Russell attempted to return home by leaving the grass field and entering Old Philadelphia Pike. Russell admitted that his motorized dirt bike, complete with "knobby tires," was not suitable for use on the road and therefore claimed that he walked his bike onto the road. *Id.* at 22. However, the trial court found that contention to not be credible, instead concluding that Russell attempted to drive his bike on the road. *See* Trial Court Opinion, filed Aug. 4, 2017 (1925(a) Op.), at 6.

Upon entering the road, Russell lost control of his bike, resulting in a single-vehicle accident. Eventually, a woman passing by helped remove the bike, which was on top of Russell, and called an ambulance to transport Russell to Lancaster General Hospital ("LGH"). N.T. at 24-25. At approximately 2:45 p.m. that afternoon, Pennsylvania State Trooper Harold Fleming was dispatched to the scene. By the time he arrived, Russell had already been transported to the hospital. Trooper Fleming observed Russell's motor bike laying on the side of the road facing eastbound, with some minor damage, positioned with the handlebars resting in the grass and the rest of

the bike in the road. ***Id.*** at 7-8. Upon further investigation, Trooper Fleming noted that the motor bike lacked turn signals, a license plate, and a vehicle registration. ***Id.*** at 15-18.

Trooper Fleming proceeded to LGH to interview Russell, who sustained an injury to his left leg and who was in a neck brace with a blood-covered face. ***Id.*** at 9-10. Trooper Fleming could detect a strong odor of alcohol emanating from Russell. ***Id.*** Russell admitted that he had been riding with a suspended license and Trooper Fleming confirmed that Russell's license revocation was in effect at the time of the accident. ***Id.*** at 11-12.

After a bench trial on March 2, 2017, the trial court found Russell guilty of the aforementioned charges. On March 16, 2017, the court sentenced Russell, after noting that that the instant case constituted his fifth overall DUI conviction, to an aggregate term of 120 days to six months' incarceration, plus fines and costs.[2] After Russell filed the instant timely appeal and a court ordered Pa.R.A.P. 1925(b) statement, the trial court filed a Pa.R.A.P. 1925(a) opinion on August 4, 2017.

Russell raises the following issues for our review:

A. Was the evidence presented by the Commonwealth [] insufficient to prove beyond a reasonable doubt that Mr. Russell committed the offense of failing to drive within a single lane, a violation of 75 Pa.C.S. § 3309(1), where there

---

[2] We note that Russel was assessed over $900 in fines. Most relevant to the instant case, Russel was fined a combined $50 for the two counts he challenges here, driving within a single lane and careless driving.

- 3 -

was no evidence regarding how or where the accident occurred, let alone evidence that having an accident which may have involved leaving the lane of travel constituted a violation of Section 3309?

B. Was the evidence presented by the Commonwealth [] insufficient to prove beyond a reasonable doubt that Mr. Russell committed the offense of careless driving, a violation of 75 Pa.C.S. § 3714, where there was no evidence as to how the accident occurred, or whether he was driving in a manner which endangered the safety of others?

Russell's Brief at 6.

Both of Russell's issues concern a challenge to the sufficiency of the evidence. "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Ballard**, 80 A.3d 380, 390 (Pa. 2013) (citation omitted). Specifically, we must determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa.Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Brown**, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*) (citation omitted).

Further, "[a]s an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa.Super. 2004) (citation omitted). Therefore,

we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa.Super. 2007) (citation omitted).

In his first issue, Russell contends that the evidence was insufficient to support his conviction for failing to drive within a single lane of traffic under 75 Pa.C.S. § 3309(1) because the Commonwealth did not present evidence regarding exactly how the accident occurred. Further, Russell emphasizes that even assuming *arguendo* that he failed to drive within a single lane, the Commonwealth failed to present any evidence that the safety of anyone other than himself was endangered. To this end, Russell cites only to this Court's decision in **Commonwealth v. Feczko**, 10 A.3d 1285 (Pa.Super. 2010) (*en banc*) for the proposition that, in order to be convicted under Section 3309, the Commonwealth must present evidence that the failure to remain in a single lane of traffic endangered other vehicles.

Conversely, the trial court concluded that the testimony at trial, which established that the accident occurred when Russell was attempting to enter the roadway from an empty field and pinpointed the location that the bike was discovered shortly after the accident, sufficiently supported Russell's conviction for failure to drive within a single lane. We agree and conclude Russell's first issue merits no relief.

Section 3309 of the Vehicle Code provides in pertinent part that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." 75 Pa.C.S. § 3309(1).

In this case, Russell's reliance on **Feczko** is inapposite. In **Feczko**, this Court concluded, in the context of a review of the denial of a suppression motion, that a state trooper's observation of a defendant's vehicle making numerous contacts with a fog line, in addition to the observation of oncoming traffic creating a hazard, was sufficient to provide the trooper with probable cause to believe that the defendant violated Section 3309(1). **Feczko**, 10 A.3d at 1291-92. Here, Russell suggests that his conviction under Section 3309(1) was not supported by sufficient evidence because Trooper Fleming could not provide similar testimony regarding Russell's alleged breach of a single lane of traffic and any accompanying safety hazards because the trooper arrived on the scene after the accident had already occurred.

However, viewing the evidence in the light must favorable to the Commonwealth, as we must under our standard of review, we hold that sufficient circumstantial evidence supported Russell's conviction under Section 3309(1). **See Dale**, 836 A.2d at 152; **Brown**, 23 A.3d at 559. As noted by the trial court, Russell's own testimony established that he attempted to enter a single lane of traffic in an unsafe manner by driving a

vehicle not meant for the road, thereby causing an accident. Trooper Fleming was able to corroborate this series of events by testifying regarding the placement of Russell's dirt bike, half-way on the side of the road and half-way on the grass, at the scene of the accident. Therefore, we conclude that the trial court did not err by finding that Russell's conviction under Section 3309(1) was supported by sufficient evidence.

Turning to his second issue, Russell contends that the Commonwealth failed to present sufficient evidence to support his conviction for careless driving under 75 Pa.C.S. § 3714. Specifically, Russell asserts that because no one witnessed the accident and the accident only involved himself, the Commonwealth failed to prove that Russell's actions showed a "careless disregard of the rights or safety of others." We decline to agree and conclude that Russell's second issue also lacks merit.

Section 3714(a) of the Vehicle Code, 75 Pa.C.S.A. § 3714(a), provides that "[a]ny person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." This court has defined the *mens rea* for careless driving, "careless disregard," as "less than willful or wanton conduct but more than ordinary negligence." ***See Commonwealth v. Gezovich***, 7 A.3d 300, 301 (Pa.Super. 2010).

In this case, ample evidence supported Russell's conviction for careless driving under Section 3714(a). Russell entered the roadway from a precarious position, having consumed multiple alcoholic beverages, with a

vehicle that he admitted was dangerously unsuitable for the road. Thus, we conclude that Russell's actions demonstrated a careless disregard for the safety of other potential drivers on the roadway and hold that the trial court did not err by determining that the evidence was sufficient to support Russell's conviction for careless driving under Section 3714(a).

Judgment of Sentence affirmed.


President Judge Gantman joins the memorandum.

Judge Platt concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/16/2018</u>